DWIGHT et al. *v.* WEBSTER & CO. JOHN BAKER, Garnishee.

A garnishee who is required to answer interrogatories in open court, is entitled to a notice of the order appointing a particular day when his answers are to be made.

The doctrine in *Spears* v. *Nugent*, 2 Ann. 12, applicable to an ordinary party to a suit, was applied in this case to a garnishee called on to answer in open court.

APPEAL from the District Court of the Parish of Caddo, *Bullard*, J. *Crain*, for plaintiffs. *Roysdon* and *Spofford*, for defendants. *Land* and *Cook*, for garnishee. By the court:

SLIDELL, J. The plaintiffs having obtained judgment against the defendants, issued a *fieri facias*, and also filed a petition to make *Baker* a garnishee, under the Act of 1839. The petition contained interrogatories, and the plaintiffs prayed that the garnishee might be ruled to answer them in open court. No order fixing a day at which the garnisee should answer, was obtained at the time. A citation was served on the garnishee, requiring him to answer the petition in ten days after service. This was served on the 21st February, 1851, apparently, during vacation. At the April term following, an order was obtained by the plaintiffs, that the garnishee answer the interrogatories on a day which is left in blank upon the minutes of the court; but which, it is said, was specified in a memorandum kept by the district judge. Waiving the discussion of the omission on the minutes, which, however, it seems to us, are to speak for themselves, and assuming that an order was made specifying the day on which the garnishee should appear in open court to answer the interrogatories, still, we are of opinion, that the garnishee was entitled to notice of the order. In *Spears v. Nugent*, 2 Ann. 12, the court said, when a party requires the answers of his adversary to interrogatories to be given in open court, a day must be appointed to that effect by the judge, by which is understood a day fixed, and of that day the party interrogated must be notified. It is true, the case was of an ordinary party, but the reasons of the rule applies to a garnishee.

In *Parmely* v. *Bradbury*, it was held, that the law does not require an order of court to the garnishee, directing him to answer the interrogatories ; the service of a copy of the petition, containing interrogatories and citation, are sufficient warning for him to answer. 13 L. R. 353. But if the creditor chooses to depart from the ordinary course, and requires the garnishee to answer in open court, an order fixing the day and notice of it, seems to us necesssary. If, in this case, the garnishee had filed his answers in the ordinary mode, the plaintiffs might have elected to disregard them, and compel him to answer again in open court.

It is therefore decreed, that the judgment be reversed, and that this case be remanded for further proceedings according to law, with directions to the garnishee, without further notice, to appear in the district court, in open court, on the third Monday of April next, there to answer the interrogatories propounded to him by the plaintiffs, in default whereof, the interrogatories may be taken as confessed. And it is further decreed, that the plaintiffs pay the costs of the appeal.